No. 83-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF

KAREN L. MILLER,

      Petitioner and Respondent,

  and

CHARLES F. MILLER,

      Respondent and Appellant.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Tipp, Hoven, Skjelset & Frizzell, Missoula,
Montana

      For Respondent:

            Anthony F. Keast, Missoula, Montana
Kammerer Law Offices, Missoula, Montana

---

Submitted on Briefs:  August 25, 1983

Decided:  November 17, 1983

Filed:    NOV 17 1983

*Ethel M. Harrison*

---

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The marriage of the parties was dissolved by order of the court on June 19, 1981. That order awarded two parcels of real property to Karen L. Miller (Wife) and ordered her to pay to Charles F. Miller (Husband) $16,000 for his interest in the 5 acre parcel and $10,000 for his interest in the 59.16 acre parcel. In order to enforce the decree, the husband moved the court for a writ of execution on all real property owned by the wife. On February 8, 1983, the District Court ordered issuance of a writ of special execution "against the five-acre parcel for the judgment of $16,000, plus interest, and against the 59 and 16/100-acre parcel for the judgment of $10,000, plus interest." We affirm the order of the District Court.

The June 19, 1981 order dissolved the parties' 12 year marriage, provided for child custody, visitation and support of the parties' minor child, and divided the marital assets and debts. Regarding the award of real property to the wife, the order specifically provided:

> "7. The Petitioner [wife] is granted all right, title and interest, but subject to the existing mortgage, in the five-acre parcel . . . Respondent shall have no interest in such parcel except as set out below.

> "8. Petitioner shall pay the Respondent [husband] the sum of Sixteen Thousand Dollars ($16,000.00) with interest at the rate of ten percent (10%) per annum on the unpaid balance commencing July 1, 1981, for his interest in the five-acre parcel . . . Until such time as the Sixteen Thousand Dollars ($16,000.00) plus interest is paid in full, the Respondent shall have a lien on the subject property as security for such sum.

> "9. Petitioner shall pay the Respondent the sum of Ten Thousand Dollars ($10,000.00) with interest at the rate of ten percent (10%) per annum commencing July 1, 1981, for his interest in the fifty-nine and sixteen hundreds acre parcel. It is hereby ordered that the Respondent shall have a lien on such parcel until such time as the Ten Thousand Dollars ($10,000.00) plus interest to date is paid in full. Such lien shall constitute Respondent's

2

only interest in the fifty-nine and sixteen hundredths acre parcel.

" . . .

"11. Petitioner [wife] shall receive no maintenance. The Court specifically intends that the property awarded to the Petitioner herein shall be in lieu of maintenance."

The 5 acre and 59.16 acre parcels are adjoining properties. Both were gifts from the wife's parents. The District Court determined that the 5 acre parcel was granted to the wife with the intention that it would be used by both parties. A mobile home, which was the Miller family residence, is situated on the 5 acre tract and is presently the home of the wife and the minor child. The wife's parents reside in a home located on the adjoining 59.16 acre parcel, which the parents had deeded to their daughter and grandson. The District Court entered the following conclusions of law regarding the 59.16 acres, title to which was held by the wife and minor child as joint-tenants:

"7. Although Petitioner's parents do not own a titled life estate in the fifty-nine and sixteen hundredths (59.16) acre parcel, it is clear that a strong argument can be made for the proposition that the parcel is held by the Petitioner and her son subject to an equitable trust for a life estate for the benefit of Petitioner's parents. By any account, it would be manifestly unfair to eject the grandparents from their home situated on the fity-nine and sixteen hundredths (59.16) acre parcel.

"8. Respondent has worked hard to improve the fifty-nine and sixteen hundredths acre parcel under the mistaken impression that he was an owner thereof. He is entitled to be compensated for his efforts in the sum of Ten Thousand Dollars ($10,000.00)."

The court's order awarding real property to the wife, awarding dollar amounts to the husband and restricting the husband's liens on the wife's real property are based on specific findings of fact and conclusions of law. This order was never appealed and is not challenged here.

3

On March 12, 1982, approximately 9 months after entry of the dissolution order, the husband moved the District Court for leave to execute on the wife's real and personal property in order to satisfy the $26,000 money judgment in his favor. The matter was heard and briefed.

The husband alleged in his brief in suppport of the motion that he had tried to work out a settlement with the wife, but he had been "continually asked to substantially discount his portion of the estate, or accept small payments over many years." The wife filed an affidavit stating that her parents had acquired $10,000, together with 10% interest from July 1, 1981. She stated that these funds were available to the husband provided he would execute a satisfaction of judgment on the 59.16 acres so that this parcel could be sold. The wife moved the court for judicial relief in the form of an order allowing the payment of $10,000 plus accrued interest in return for "a Satisfaction of Lien relating to the 59-acre tract." She stated that such an order would in no way affect the remaining $16,000 lien on the 5 acre parcel.

The District Court found that a special execution, restricting levy and sale of particular parcels of land for specified amounts, would further the intention of the court and the language contained in its 1981 order. The following Order of Special Execution was entered:

> "A writ of execution may issue against the five-acre parcel for the judgment of $16,000, plus interest, and against the 59 and 16/100-acre parcel for the judgment of $10,000, plus interest."

The question on appeal is whether the trial court abused its discretion by so restricting the execution liens and limiting the husband's right to enforce the money judgment in his favor.

Section 40-4-202(1)(c), MCA provides that the court shall consider whether "the property division serves as an alternative to maintenance arrangements." The trial court specifically stated its intention that the award of property to the wife was in lieu of maintenance. (Provision 11 of the June 19, 1981 Order.) The court also stated the following special considerations:

> "This [5 acre] parcel will operate to provide a home for the Petitioner and her son.

> "This [59.16 acre] parcel will provide a source of potential income to the Petitioner if she chooses to sell it consistent with her son's legal interest and the life estate, if any, of her parents." Disposition of Property Consideration, June 19, 1981 order, Exhibit "D" at 3.

The District Court molded its decree to do equity to both parties. It ordered a special execution to comply with provisions of the original decree. Appellant-husband failed to appeal the original order, which clearly restricted his lien on each of the two properties to a certain dollar amount. He will not now be permitted collaterally to attack those restrictions by arguing that, under enforcement sections of the state code, docketing of the money judgment in his favor automatically lifted these court ordered restrictions.

> As to money judgments, the code specifically provides:

> "Whenever an order for the payment of a sum of money is made by a court or judge pursuant to the provisions of this code, it may be enforced by execution in the same manner as if it were a judgment." Section 25-13-204, MCA.

> "When the judgment is for money . . . the same may be enforced by a writ of execution . . .." Section 25-13-201, MCA.

Here the District Court ordered the wife to pay the husband two sums certain and ordered liens to attach to two parcels of property until payment of those sums had been made.

5

Neither party has objected to or appealed from that order. Clearly the District Court has the power to enforce the liens by writ of execution, as stated in section 3-1-113, MCA:

> "When jurisdiction is, by the constitution or any statute, conferred on a court or judicial officer, all the means necessary for the exercise of such jurisdiction are also given."

We hold that the District Court did not abuse its discretion in fashioning a writ of execution in compliance with and to enforce its original order. We affirm the District Court's Order of Special Execution.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices